# IN THE COURT OF APPEALS OF IOWA

No. 15-0276
Filed April 22, 2015

**IN THE INTEREST OF T.F., K.P.,**
**and Z.P.,**
    **Minor Children,**

**A.L., Mother,**
    Appellant,

**C.P., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Polk County, William Price, District Associate Judge.


A mother and father separately challenge the district court's order terminating their parental rights.   **AFFIRMED ON BOTH APPEALS.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant-mother.

Emily Tisinger of DeRonde Law Firm, P.L.L.C., Johnston, for appellant-father.

Thomas J. Miller, Attorney General, Kathryn K. Lang, Assistant Attorney General, John P. Sarcone, County Attorney, and Christina Gonzalez, Assistant County Attorney, for appellee.

John Jellineck of Juvenile Public Defender Office, Des Moines, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**TABOR, J.**

Three children are involved in this case.  Two of the children, K.P. (now age ten) and Z.P. (now age five) are the offspring of Amber and Chance.  Amber is also the mother of T.F. (now age three).  Amber and Chance challenge the juvenile court's termination of their parental rights, alleging the State did not prove grounds for termination by clear and convincing evidence and contending termination was not in the children's best interest.  Chance also argues the court should have forgone termination because the children are in the custody of a relative.  Because the record shows the children could not be returned to the custody of the parents at the present time and waiting for permanency was not in the children's best interest, we affirm the court's order.

K.P. and Z.P. first came to the attention of the Department of Human Services (DHS) in March 2011, when the juvenile court approved their removal from parental custody and adjudicated them as children-in-need-of-assistance (CINA).  First in Hamilton County, then in Polk County, the DHS worked with the parents on issues of drug abuse, domestic violence, physical abuse, neglect, and general instability.  These CINA proceedings were closed in October 2012.

The children came back to the attention of the DHS in June 2013, when T.F's father, Tyler, who was living with Amber in Polk County,[1] spanked Z.P.— leaving bruises that lasted several days.[2]  The DHS put in place a safety plan, but the parents did not follow it.  The DHS removed the children from the care of

---

[1] Chance still resided in Webster City.
[2] The juvenile court also terminated Tyler's parental rights, but he is not challenging the order in this appeal.

Amber and Tyler on November 20, 2013. The DHS placed the children with T.F.'s paternal grandfather and step-grandmother, where they have remained throughout the case.

Since the removal, Amber has been inconsistent in attending visitations and in embracing services recommended by the DHS. Amber has not progressed beyond supervised visitation. At the time of the hearing, she had attended just three parenting classes. She was discharged from therapy at LifeWorks because her attendance was unreliable. Although her therapist and service worker both recommended Amber participate in domestic violence support groups, she did not follow through on those recommendations. Amber acknowledged at the termination hearing that she needed to do a better job of finding safe and stable living situations for both herself and her children. Amber has been diagnosed with depression but did not consistently take her prescriptions, expressing concern she would become addicted to the medication. At the time of the termination hearing, Amber did not have her own place to live and was staying with a friend. Throughout the case, Amber allowed her children to be exposed to adults with histories of substance abuse and domestic violence. As a result, the children have witnessed abuse and been victims themselves.

Chance has a criminal history of domestic violence and has substance abuse issues. In a DHS report filed with the court, the case manager stated: Chance has been "unavailable to participate in services." He lived in Webster City before he was arrested for domestic abuse assault in July 2014, which is when he last saw the children.

On October 28, 2014, the State filed a petition to terminate the relationship between the three children and their parents. The juvenile court set a hearing for December 17, 2014. The State offered written reports from the DHS and Family Safety, Risk and Permanency (FSRP) workers, but Amber was the only live witness called to testify. Chance was not present at the hearing but was represented by counsel. The district court issued its order terminating parental rights on February 5, 2015. Amber and Chance separately appeal.

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The State must prove the grounds for termination by clear and convincing evidence. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *See In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000).

## I.     Analysis of Mother's Appeal

The juvenile court ordered the termination of Amber's parental rights under Iowa Code section 232.116(1)(d), (f), and (h) (2013). On appeal, she only challenges the State's proof under paragraph (d).

When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the order on any ground we find supported by the record. *D.W.*, 791 N.W.2d at 707. The mother's failure to raise the remaining statutory grounds for termination waives any claim of error related to those grounds. *See Hyler v. Garner*, 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal

on appeal."). Therefore, we affirm the termination of her parental rights under paragraph (f)[3] as it relates to K.P. and Z.P. and paragraph (h)[4] as it relates to T.F.

Even if Amber had challenged paragraphs (f) and (h) on appeal, we would find the State proved them by clear and convincing evidence. Amber has not been consistently attending therapy or participating in other services. She does not have a stable living situation; she testified she had been staying with a friend after moving out of her house. Amber acknowledged in her testimony the children could not be returned to her custody at the present time; she estimated she would need a month or two to work on her parenting skills. These grounds for termination found clear and convincing support in the record.

Amber also argues severing her parental rights is not in the best interest of her three children. In determining best interests, we consider the children's safety, and the preferred placement for furthering their long-term nurturing and growth and to meet their physical, mental, and emotional conditions and needs. Iowa Code § 232.116(2); *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

---

[3] To terminate parental rights under section 232.116(1)(f), the State must prove: the child is four years of age or older, has been adjudicated a CINA, has been removed from the home for twelve of the last eighteen months or the last twelve consecutive months, and the juvenile court could not return the child to the parent's custody at the present time pursuant to section 232.102. Iowa Code § 232.116(1)(f).
[4] To terminate under paragraph (h) the State must prove: the child is three years of age or younger, the child has been adjudicated a CINA, the child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days, and there is clear and convincing evidence at the present time that the child cannot be returned to the custody of the child's parents as provided in section 232.102. Iowa Code § 232.116(1)(h).

Amber's petition on appeal discusses her progress in overcoming her co-dependency issues and her recent enrollment in therapy, but it does not focus on how preserving the parental relationship would be safe for the children or would further their long-term growth. The children's guardian ad litem advocated in favor of termination, noting the children were anxious for permanency. After reviewing the record, we conclude termination was in the children's best interest under the statutory framework.

## II.    Analysis of Father's Appeal

Chance is the father of the two older children, K.P. and Z.P. The district court terminated his parental rights under Iowa Code section 232.116(1)(b), (d), (e), and (f). As noted above, we may affirm on any ground supported by the record. *D.W.*, 791 N.W.2d at 707. We affirm the termination of his parental rights under paragraph (f).

That provision requires proof that (1) the children are four years of age or older, (2) have been adjudicated CINA, (3) have been removed from the home for twelve of the last eighteen months or the last twelve consecutive months, and (4) could not return to the parent's custody at the present time pursuant to section 232.102. Iowa Code § 232.116(1)(f). The first three elements are unchallenged. Chance challenges the fourth element. Case law has deemed "at the present time" to mean the time of the termination hearing. *See A.M.*, 843 N.W.2d at 111.

Chance argues DHS did not attempt to reunify him with his children. The State responds that he did not request services other than visitation during the

proceedings or raise this issue at the termination hearing. It is the parent's responsibility to demand other, different, or additional services before the time of the termination hearing. *In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). Failing to request services at the appropriate time waives the issue. *See In re C.H.*, 552 N.W.2d 144, 148 (Iowa 2002).

The record reflects that Chance was not actively engaging with the DHS during the CINA proceedings. Chance contends he saw his children in Webster City when they were visiting his parents on some weekends, but the record shows he had not seen the children for the six months leading up to the termination hearing due to his arrest.[5] In its termination ruling the juvenile court found Chance was in the Hamilton County jail at the time of the hearing and had been "in custody there since November of 2014." Chance asserts in his petition on appeal that he did not miss the hearing because he was incarcerated but because he was ill. No one testifies or gives any information about Chance's whereabouts in the hearing transcript.

Whether he was ill or incarcerated at the time of the hearing, Chance was not prepared to resume custody of the children. He had not seen them in six months and had little or no contact with the DHS workers. The record reflects that he was arrested eighteen days before the termination hearing and his previous probation was revoked because "he was not following through with the

---

[5] Chance tried to restart visitation by calling the DHS worker and the children's therapist, but no visits were arranged. According the DHS report to the court filed December 11, 2014, the therapist did not think visitation was a good idea.

expectations of his probation officer." Nothing indicates Chance had taken steps to address his history with drugs and violence. The State proved all the necessary elements to terminate under paragraph (f).

Chance next challenges the termination as not being in the best interest of the children under section 232.116(2). Because he has been absent from their lives and has not participated in any services, Chance cannot demonstrate his ability to provide a safe environment for the children or further their long-term nurturing and growth.

He also asks for six additional months to resume visits and "get back on his feet." The CINA case was open for more than one year. In the middle of the proceedings, he was arrested for domestic abuse assault. The records indicate he did not participate in services. We do not believe extra time would help eliminate the reasons for removal as required by statute. *See* Iowa Code § 232.104(2)(b).

Finally, Chance argues the court should have opted not to terminate because a relative had legal custody of the children. *See* Iowa Code § 232.116(3)(a). Section 232.116(3) sets out factors that could militate against termination; they are not mandatory reasons to preclude termination. *See D.W.,* 791 N.W.2d at 709.

We do not believe section (3)(a) is an appropriate factor here as Z.P. and K.P. are not in the legal custody of their own grandparents, but are placed with T.F.'s grandparents. *See A.M.,* 843 N.W.2d at 113. Even if section (3)(a)

applied, termination would be proper given Chance's lack of participation in services and failure to maintain contact with his children.

**AFFIRMED.**